JUDGE OETKEN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**13 CV 6427**

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION, and the NEW YORK CITY DISTRICT COUNCIL CARPENTERS,<br><br>Plaintiffs,<br><br>-against-<br><br>BILTWEL GENERAL CONTRACTOR CORP.<br><br>Defendant. | 13 CV _____<br><br>**COMPLAINT**  |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

### NATURE OF THE ACTION

1. This is a civil action under section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185; and Section 9 of the Federal Arbitration Act, 9 U.S.C § 9, to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement ("CBA") between the New York City District Council Carpenters f/k/a District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and Biltwel General Contractor Corp. ("Employer").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 185.

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the Funds (as defined below) are administered in this district.

## THE PARTIES

4. Plaintiffs Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5. Plaintiffs Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund")(together, the ERISA Funds and the Charity Fund shall be referred to as the "Funds") are Trustee of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6. Plaintiff Union is a labor organization that represents employees in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142, and is the certified bargaining representative for certain employees of the Defendant.

7. Plaintiff New York City and Vicinity Carpenters Labor-Management Corporation is a New York not for profit corporation.

8. Upon information and belief, Defendant is a corporation incorporated under the laws of the State of New Jersey. At relevant times, Defendant was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. Defendant maintains its principal place of business at 31 Mary Pitkin Path, Shoreham, New York, 11786.

## CLAIM FOR RELIEF

9. Plaintiffs repeat the allegations set forth in paragraphs 1 through 8 above and incorporate them herein by reference.

10. At relevant times, Defendant was a party to, or manifested an intention to be bound by a CBA with the Union.

11. The CBA required Defendant, *inter alia*, to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions and for the submission of disputes to final, binding arbitration.

12. Pursuant to the CBA, Plaintiffs conducted an audit of Defendant covering the period October 1, 2010 through December 23, 2012. The auditor determined that Defendant failed to report and make contributions in the principal amount of $5,180.63.

13. A dispute arose between the parties during the period of the CBA when the Employer failed to remit the contributions uncovered during the audit.

14. Pursuant to the arbitration clause in the CBA, the dispute was submitted to arbitration to Roger E. Maher, the duly designated impartial Arbitrator.

15. Thereafter, upon due notice to all parties, the Arbitrator duly held a hearing and rendered his Award, in writing, dated July 10, 2013, determining said dispute. A copy of the Award was delivered to Defendant. A copy of the Award is annexed hereto as **Exhibit "A"**.

16. The Arbitrator found that Defendant was in violation of the terms of the CBA and ordered Defendant to pay the Funds a sum of $11,464.30 consisting of: contributions of $5,180.63, interest thereon in the amount of $168.33, liquidated damages thereon in the amount of $1,036.13, assessments to the Promotional Fund of $130.55, court costs of $400.00, attorney's fees of $1,500.00, the arbitrator's fee of $500.00, and audit costs of $2,548.66 pursuant to the CBA, with interest to accrue at the rate of 5.25% from the date of the Award.

17. Defendant has failed to abide by the Award.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

(1) Award judgment to Plaintiffs against Defendant confirming the Arbitration Award in all respects;

(2) Award judgment in favor of the Funds and against Defendant, ordering Defendant to pay the Funds a total sum of $11,464.30 with interest to accrue at the rate of 5.25% from the date of the award, pursuant to the Arbitrator's Award;

(3) Award judgment in favor of the Plaintiff's ordering Defendant to pay all attorneys' fees and costs of this action; and

(4)     Award Plaintiffs such other and further relief as is just and proper.

Dated: New York, New York  
       September 9, 2013

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: _____  
Charles R. Virginia  
Richard Epstein  
Trinity Centre  
111 Broadway, Suite 1403  
New York, New York 10006  
(212) 943-9080

*Attorneys for Plaintiffs*

# Exhibit A

## OFFICE OF THE IMPARTIAL ARBITRATOR

**ROGER E. MAHER**
IMPARTIAL ARBITRATOR
-----------------------------------------------------------------------x

**In the matter of the Arbitration between:**

The New York District Council of Carpenter Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, Journeyman, Retraining, Educational & Industry Fund, New York City District Council of Carpenters Charity Fund, By Michael Bilello and David T. Meberg as Co-Chairmen of the Board of Trustees, The New York and Vicinity Carpenters Labor Management Corporation, and Michael Bilello, as Executive Secretary Treasurer of the District Council for New York City and Vicinity, United Brotherhood Carpenters and Joiners of America

**Petitioners,**

                                                              **OPINION AND**
                                                              **DEFAULT AWARD**
                                                              **OF ARBITRATOR**

-against-

**Biltwel General Contractor Corp. A/K/A Jala Home Improvement Corp.,**
**Respondent**
-----------------------------------------------------------------------x

       Pursuant to the provisions of the Collective Bargaining Agreement between the Respondent-Employer and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, effective 5/20/2009, and the designation of the undersigned as Impartial Arbitrator to determine disputes concerning claim arising from payments due to the Benefit Funds described in said written contract, the undersigned Arbitrator was called upon to hear and determine a controversy involving claims by the Petitioners for sums of money allegedly due to said Benefit Funds by the Respondent.

       In accordance with the terms of the underlying written agreement, the Civil Practice Law and Rules of the State of New York and the herein Notice of Intention to Arbitrate dated 5/17/2013, the undersigned by Notice of Hearing dated 5/25/2013, scheduled a hearing for 7/09/2013, in order to determine the dispute between the parties.

**OPINION**

On 7/09/2013, at the place and time designated at the aforesaid Notice of Hearing, Charles Virginia, Esq., appeared on behalf of the Petitioners and submitted proof that the Respondent-Employer had legally sufficient notice of this proceeding and the claims against. There being no appearance on behalf of the Respondent or any request for an adjournment or extension of time to appear, the undersigned found the Respondent to be in default and proceeded to hear the testimony and take evidence on the claims of the Petitioners.

The uncontroverted testimony and evidence established that the Respondent was bound to a Collective Bargaining Agreement with the New York City District Council of Carpenters and said Agreement became effective 5/20/2009. This Contract obligated the Respondent-Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreement. In addition, it authorized the Petitioners to conduct an audit of the Respondent-Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Petitioners. In accordance with this auditing provision, an accountant employed by the Petitioners, with the consent of the Respondent, performed an audit of the books and records of the Respondent herein.

The testimony of the auditor employed by the Petitioners, established that an audit of the books and records of the Respondent had been performed and delinquencies were discovered in the amount of contributions due the aforesaid Funds during the period of 10/01/2010 through 12/23/2012. The testimony further revealed that a copy of the Summary Report of this audit had been forwarded to the Respondent. Thereafter the Petitioners duly demanded payment and upon the Respondent's failure to comply this proceeding was initiated.

The testimony of the auditor set forth the accounting method employed during the course of the audit and the computation of the amount of each alleged delinquency. The Summary Report of the audit conducted was also received in evidence. The total amount of the delinquency and interest was Six Thousand Three Hundred Eighty Five & 09/100 dollars ($ 6,385.09). The Petitioners requested that the monies due (including delinquency assessment and interest) plus their Attorney's Fee, Fee of the Arbitrator, Court Costs, Audit Costs and Promotional Fund Fee be imposed upon the Respondent all as required and set forth in the underlying written contract. Testimony computing these amounts was received in evidence.

## AWARD

Upon the substantial and credible evidence of the case as a whole I find the Respondent-Employer, Biltwel General Contractor Corp. A/K/A Jala Home Improvement Corp., is delinquent in Fringe Benefit monies due under its written agreement and is also obligated to pay delinquency assessment and interest on its delinquency, plus an Attorney's Fee to the Petitioners and the Fee of the undersigned Arbitrator, Court Costs, Audit Cost and Promotional Fund Fee all in accordance with the terms and provisions of the Collective Bargaining Agreement in the following amounts:

| | | |
|---|---|---|
| Principal | $ | 5,180.63 |
| Total Interest | $ | 168.33 |
| Liquidated Damages | $ | 1,036.13 |
| Promo Fund | $ | 130.55 |
| Court Costs | $ | 400.00 |
| Attorney's Fee | $ | 1,500.00 |
| Arbitrator's Fee | $ | 500.00 |
| Audit Costs | $ | 2,548.66 |
| **TOTAL** | **$** | **11,464.30** |

Wherefore, the Trustees of the New York City District Council Carpenters Benefit Funds are awarded an aggregate amount of Eleven Thousand Four Hundred Sixty Four & 30/100 dollars ($ 11,464.30) which is to be paid forthwith by Biltwel General Contractor Corp. A/K/A Jala Home Improvement Corp. with interest to accrue at the rate of 5.25% from the date of this award.

Dated: Brooklyn, New York
July 10, 2013

ROGER E. MAHER, Arbitrator

To:   Charles Virginia, Esq.
      Virginia & Ambinder, LLP
      111 Broadway, Suite 1403
      New York, New York 10006

      Christopher Ozard
      New York City District Council Carpenters Benefit Funds
      395 Hudson Street
      New York, New York 10014

      Biltwel General Contractor Corp. A/K/A Jala Home Improvement Corp.
      31 Mary Pitkin Path
      Shoreham, NY 11786
      Via Regular Mail & Certified Return Receipt Requested #70123460000351397029

## AFFIRMATION

STATE OF NEW YORK )
COUNTY OF KINGS )

The undersigned under penalty of perjury affirms that he is the Arbitrator in the within proceeding and signed same in accordance with arbitration law of the State of New York.

ROGER E. MAHER